JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tanner Trosper, | ) CV 13-2126 RSWL (MRWx) |
| Plaintiff, | ) |
| | ) **ORDER Re: Defendants'** |
| v. | ) **Motion to Dismiss** |
| | ) **Plaintiff Tanner** |
| Synthes USA Sales, LLC., | ) **Trosper's First Amended** |
| Depuy Synthes Sales, Inc., | ) **Complaint [18];** |
| and Does 2 through 10 | ) **Plaintiff's Motion for** |
| | ) **Summary Judgment or, in** |
| | ) **the Alternative, Partial** |
| Defendants. | ) **Summary Judgment [22]** |
| | ) |
| | ) |
| _____ | ) |

   Currently before the Court are Defendants Synthes
USA Sales, LLC. and Depuy Synthes Sales, Inc.'s Motion
to Dismiss Plaintiff Tanner Trosper's First Amended
Complaint [18][19], and Plaintiff Tanner Trosper's
Motion for Summary Judgment or, in the Alternative,
Partial Summary Judgment [22].  The Court having
reviewed all papers submitted pertaining to this Motion
and having considered all arguments presented to the
Court, **NOW FINDS AND RULES AS FOLLOWS:**

   The Court hereby **GRANTS** Defendants Synthes USA

1

Sales, LLC and Depuy Synthes Sales, Inc.'s Motion to Dismiss.  Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT.**

## I. BACKGROUND

Plaintiff Tanner Trosper ("Plaintiff" or "Trosper") filed this Action against Defendants Synthes USA Sales, LLC, Depuy Synthes Sales, Inc. (collectively, "Synthes" or "Defendant")[1], and Does 2 through 10 seeking declaratory and injunctive relief.  Plaintiff alleges that certain provisions of a Sales Consultant Confidentiality and Non-Solicitation Agreement ("Agreement") that he signed as a condition of employment with Synthes is void.

The Agreement contains a "Choice of Law and Forum" clause, which provides as follows:

> **Choice of Law and Forum:**
>
> This agreement will be governed by Pennsylvania law applicable to contracts entered into and performed in Pennsylvania.  I agree that this agreement shall exclusively be enforced by any federal or state court of competent jurisdiction in the Commonwealth of Pennsylvania and hereby consent to the personal

---

[1] According to Defendants, on December 31, 2012, Defendant Synthes USA Sales, LLC merged with and into its affiliate DePuy Spine, Inc.  DePuy Spine, Inc. then transferred Synthes USA Sales, LLC's assets to Defendant DePuy Synthes Sales, Inc.  Therefore, Defendant Synthes USA Sales, LLC no longer exists, and Defendant DePuy Synthes Sales, Inc. is the only proper defendant in this matter.

1        jurisdiction of these courts.

2  Compl., Ex. A at 8 [1].   Synthes' instant Motion to

3  Dismiss Plaintiff Tanner Trosper's First Amended

4  Complaint seeks enforcement of the foregoing forum

5  selection clause.   Plaintiff's Motion for Summary

6  Judgment seeks summary judgment as to the entirety of

7  Plaintiff's Complaint.

8     Plaintiff filed this Action on March 25, 2013 [1].

9  He filed his First Amended Complaint ("FAC") on April

10  24, 2013 [14].   Synthes filed a Complaint against

11  Trosper three days later in the United States District

12  Court for the Eastern District of Pennsylvania (the

13  "Pennsylvania Litigation") seeking to enforce the

14  Agreement.   <u>See</u> Def.'s Request for Judicial Notice Ex.

15  A [21].

16             **II.   <u>LEGAL STANDARD</u>**

17     Federal Rule of Civil Procedure 12(b)(3) allows a

18  party to file a motion to dismiss on the basis of

19  improper venue.   Fed. R. Civ. Proc. 12(b)(3).   A motion

20  to dismiss premised on the failure of a plaintiff to

21  initiate an action in the venue mandated by a forum

22  selection clause is treated as a motion to dismiss

23  under Rule 12(b)(3).   <u>Argueta v. Banco Mexicano</u>, 87

24  F.3d 320, 324 (9th Cir. 1996).

25     When a party seeks enforcement of a forum selection

26  clause under Rule 12(b)(3), a district court is not

27  required to accept the pleadings as true and may

28  consider facts outside of the pleadings.   <u>Id.</u>; <u>see also</u>

1  Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th
2  Cir. 1998).   Further, a court may draw all reasonable
3  inferences in favor of the party that is opposing
4  enforcement of the forum selection clause.   Murphy v.
5  Schneider Nat'l, 362 F.3d 1133, 1138 (9th Cir. 2004).

6      Enforcement of forum selection clauses in diversity
7  cases in federal court is governed by federal law.
8  Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509,
9  513 (9th Cir. 1988).   Before a court can assess the
10 enforceability of a forum selection clause, it must
11 first determine whether the clause is mandatory or
12 permissive.   See 14D Charles Alan Wright & Arthur R.
13 Miller, Federal Practice and Procedure § 3803.1 (3d ed.
14 1998).   A permissive forum selection clause will permit
15 a certain forum to assert jurisdiction over the claim,
16 but it does not designate that forum as the only proper
17 forum for litigation.   See Mostny v. Winnie Papir, A/S,
18 158 Fed. App'x 825 (9th Cir. 2005) (finding a forum
19 selection clause permissive where it contained no
20 language indicating the parties' intent to make Denmark
21 courts the exclusive forum).

22     A mandatory forum selection clause, on the other
23 hand, contains language explicitly designating a forum
24 as the only proper venue and the only appropriate forum
25 to assert jurisdiction.   See Carnival Cruise Lines,
26 Inc. v. Shute, 499 U.S. 585 (1991) (finding a forum
27 selection clause as mandatory where it provided that
28 all disputes "shall be litigated" in Florida).

Mandatory forum selection clauses are presumptively
valid and are to be strictly enforced.  See id.; see
also Hsu v. OZ Optics Ltd., 211 F.R.D. 615 (N.D. Cal.
2002).

    Under federal law, mandatory forum selection
clauses are presumptively valid and the party
challenging the clause faces a "heavy burden" and must
"clearly show that enforcement would be unreasonable
and unjust, or that the clause was invalid for such
reasons as fraud or over-reaching."  Murphy, 362 F.3d
at 1140 (quoting M/S Bremen v. Zapata Off-Shore Co.,
407 U.S. 1, 12, 15 (1972)).  There are three basic
reasons why a forum selection clause might not be
enforced: "(1) if the inclusion of the clause in the
agreement was the product of fraud or overreaching; (2)
if the party wishing to repudiate the clause would
effectively be deprived of his day in court were the
clause enforced; and (3) if enforcement would
contravene a strong public policy of the forum in which
suit is brought."  Id. (internal quotation marks
omitted).

### III. ANALYSIS

A.  Request for Judicial Notice

    The Parties both request that the Court take
judicial notice of various documents they have
submitted in support of their filings pertaining to
Synthes' Motion to Dismiss.  Synthes requests that the
Court take judicial notice of the Complaint that it

5

filed against Plaintiff in the U.S. District Court for
the Eastern District of Pennsylvania (the Pennsylvania
Litigation).  Plaintiff requests that the Court take
judicial notice of various court filings and opinions.

Under Federal Rule of Evidence 201, a trial court
must take judicial notice of facts "if requested by a
party and supplied with the necessary information."
Fed. R. Evid. 201(d).  A fact is appropriate for
judicial notice only if it is not subject to reasonable
dispute in that it is (1) generally known within the
territorial jurisdiction of the trial court or (2)
capable of accurate and ready determination by resort
to sources whose accuracy cannot reasonably be
questioned.  Fed. R. Evid. 201(b).  A court may take
judicial notice of the existence of another court's
opinion or of the filing of pleadings in related
proceedings; the Court may not, however, accept as true
the facts found or alleged in such documents.  Wyatt v.
Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003) (citing
M/V Am. Queen v. San Diego Marine Constr. Corp., 708
F.2d 1483, 1491 (9th Cir. 1983)).

Accordingly, the Court **GRANTS** Synthes and
Plaintiff's Requests for Judicial Notice with regard to
taking judicial notice of the court documents, "not for
the truth of the facts recited therein, but for the
existence of the documents], which is not subject to
reasonable dispute over its authenticity."  Id.
///

B.   Evidentiary Objections

    Plaintiff filed a number of evidentiary objections with its Opposition to Synthes' Motion to Dismiss.  The Court **OVERRULES** the evidentiary objections as **MOOT**.

C.   Synthes' Motion to Dismiss - **GRANT**

    Synthes argues that the Court should enforce the Pennsylvania choice of forum clause in the Agreement and dismiss Plaintiff's Action.  Plaintiff seeks to avoid enforcement of the forum selection clause.  Based on the following, the Court **GRANTS** Synthes' Motion to Dismiss.  Accordingly, the Court also **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment.

    1.   Plaintiff's Declaratory Relief Action Is Within The Scope of the Forum Selection Clause and the Clause Is Mandatory

    As a threshold matter, the Court finds that the choice of forum clause applies to Plaintiff's dispute. The Agreement provides that it "shall exclusively be enforced by any federal or state court of competent jurisdiction in the Commonwealth of Pennsylvania." Plaintiff argues that the forum selection clause does not apply to his lawsuit by distinguishing between his action, which seeks to *avoid* enforcement of the Agreement, and an action to "enforce" to Agreement. Plaintiff's argument is not persuasive.  The clear intent of the contractual language is to provide certainty about where an action pertaining to the Agreement will be filed.  Plaintiff's interpretation

7

creates unnecessary uncertainty and ambiguity.  Indeed, Plaintiff's interpretation would effectively mean that the forum selection clause applies only in those circumstances where Synthes initiates a lawsuit, because presumably Synthes will be the party seeking to enforce the Agreement.  But, following Plaintiff's reasoning, any employee (such as Plaintiff) who seeks to avoid enforcement of the Agreement can sue anywhere she desires, notwithstanding this explicit choice of forum clause.  This upsets the expectations of the parties, as the provision contemplates litigation in Pennsylvania, and is not a reasonable interpretation of the provision.

Here, an action to enforce the Agreement has been filed in Pennsylvania, with Trosper as the defendant. That lawsuit will invariably raise the issue of whether the Agreement is enforceable.  Regardless of whether the lawsuit is styled as one for declaratory relief to avoid enforcement of the Agreement and one to enforce the Agreement, the substance is virtually identical. See Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co., LLC, 11 CIV 6804 (PAE), 2012 U.S. Dist. LEXIS 21739 (S.D.N.Y. Feb. 17, 2012)(holding that forum selection clause stating that "[a]ny suit *against* The Club and/or its agents shall be brought in the United States District Court of the Southern District of New York" applies to declaratory judgment action brought *by the Club* because substance of any suit involving

1   contract would be substantively the same).

2       The forum selection clause is also mandatory.  The

3   word "exclusively" limits venue to any state or federal

4   court sitting in Pennsylvania.  See Sixty-Two First

5   St., LLC v. CapitalSource Fin. LLC, No. C 11-01920 WHA,

6   2011 U.S. Dist. LEXIS 60231, at *6 (N.D. Cal. June 6,

7   2011).

8       Thus, the forum selection clause is presumptively

9   valid and Pennsylvania is the presumptively proper

10  venue for this suit.  Trosper has the heavy burden of

11  showing that enforcement of the clause is unreasonable.

12  See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1130,

13  1141 (9th Cir. 2003).

14      2.   The Forum Selection Clause Is Enforceable

15      Here, the Court finds that Plaintiff has not met

16  his burden to establish that the forum selection clause

17  is unenforceable because (1) the inclusion of the

18  clause was the result of fraud or overreaching; (2)

19  litigation in Pennsylvania would be prohibitively

20  inconvenient; or (3) that its enforcement would violate

21  any California public policy.

22          a.   The Inclusion of the Clause Was Not the

23               Result of Fraud or Overreaching

24      The Court finds that the inclusion of the choice of

25  forum clause was not the result of fraud or

26  overreaching.  Plaintiff has not alleged that the

27  Agreement was procured by fraud.  Although Plaintiff

28  alleges that Synthes is a powerful company, and he was

                          9

unable to negotiate the specific terms of the

Agreement, "overreaching" is a ground "short of fraud,"

and a mere showing of "non-negotiability and power

difference" does not render a forum selection clause

unenforceable.  <u>Murphy</u>, 362 F.3d at 1141; <u>E.J. Gallo

Winery v. Andina Licores S.A.</u>, 440 F. Supp. 2d 1115,

1126 (E.D. Cal. 2006).

> b.   <u>Enforcement Of The Forum Selection Clause
>      Would Not Deprive Plaintiff Of His Day In
>      Court</u>

A party seeking to escape the forum selection

clause must show that "trial in the contractual forum

will be so gravely difficult and inconvenient that he

will for all practical purposes be deprived of his day

in court." <u>Bremen</u>, 407 U.S. at 18.  However, this is an

extremely heavy burden to meet, and is not satisfied

simply by a showing of additional expense.  <u>Id.</u>  In

fact, courts have routinely rejected the notion that

the expense or inconvenience of prosecuting an action

in the designated forum rises to the level of depriving

one of one's day in court, and have found that extreme

hardship has been shown in cases where difficulties in

addition to financial hardship exist.[2]  <u>See</u>, <u>e.g.</u>, <u>Three</u>

---

[2] For example, a showing that plaintiff is physically incapable of traveling to the designated forum, in addition to being financially restrained, would be sufficient to establish that the inconvenience of enforcement rises to the level of depriving one of one's day in court.  This was the case in <u>Walker v. Carnival Cruise Lines</u>, where both plaintiffs were wheelchair-bound quadriplegics who, because of their disabilities, had

1  _Bros. Trucking, Inc. v. Excel Global Logistics, Inc._,

2  Nos. C 06-1816 WDB, C 06-2583 WDB, 2006 WL 1329883, at

3  *4 (N.D. Cal. May 16, 2006).

4      Plaintiff mainly argues that litigating in

5  Pennsylvania would result in additional expense and

6  inconvenience to him, but does not establish the

7  practical impossibility of such litigation.  As such,

8  this is the typical argument about expense and

9  inconvenience that courts generally reject, as courts

10  have recognized that accepting these arguments would

11  effectively nullify the advantages of forum selection

12  clauses.  _See_, _e.g._, _Hodes v. S.N.C. Achille Lauro ed_

13  _Altri-Gestione_, 858 F.2d 905, 916 (3rd Cir. 1988)

14  (upholding forum clause requiring that suit be brought

15  in Italy; travel and expense are "obvious concomitant"

16  of litigation abroad); _Cross v. Kloster Cruise Lines,_

17  _Ltd._, 897 F. Supp. 1304, 1309 (D. Or. 1995) (rejecting

18  argument that passenger's age and limited income

19  warranted setting aside forum clause); _Miller v._

20  _Regency Maritime Corp._, 824 F. Supp. 200, 202 (N.D.

21  Fla. 1992) (finding that a passenger's alleged physical

22  and financial inability to travel to forum designated

23  in cruise ticket did not render ticket's forum clause

24  fundamentally unfair); _Smith, Valentino & Smith, Inc._

25  ────────────────────

26  limited finances to travel to the designated forum as mandated by
the forum selection clause.  _Walker v. Carnival Cruise Lines_, 107

27  F. Supp. 2d 1135, 1141 (N.D. Cal. 2000).  There the court found
that the clause was unreasonable because of "the degree,

28  combination and cumulative effect of the severe physical _and_
economic disabilities faced by the plaintiffs."  _Id._ at 1142.

1  v. Superior Ct., 17 Cal.3d 491, 496 (1976)(rejecting

2  claim that inconvenience and expense of trying case in

3  another state made enforcement of a forum clause

4  unreasonable).

5            c.    Enforcement of the Forum Selection Clause

6                  Does Not Contravene Any Strong California

7                  Public Policy

8       A forum selection is unenforceable if enforcement

9  of that clause would contravene public policy in the

10  forum in which the suit is brought.  Bremen, 407 U.S.

11  at 15.  California law, like federal law, generally

12  favors the enforcement of forum selection clauses.  See

13  Smith, 17 Cal. 3d at 495.

14       Plaintiff primarily argues that enforcing the forum

15  selection clause would violate California's strong

16  public policy against non-competition and non-

17  solicitation clauses.  However, this conflates the

18  forum selection clause with a choice of law analysis.

19  This kind of attack on a forum selection clause has

20  been rejected by many other courts.  See, e.g., Swenson

21  v. T-Mobile United States, Inc., 415 F. Supp. 2d 1101,

22  1104-05 (S.D. Cal. 2006); Multimin USA, Inc. v. Walco

23  Int'l, Inc., No. CV F 06-0226 AWI SMS, 2006 WL 1046964,

24  at *5-6 (E.D. Cal. April 11, 2006); Manchester v.

25  Arista Records, Inc., No. CV 81-2134 RJK(Kx), 1981 U.S.

26  Dist. LEXIS 18642, at *15-*17 (C.D. Cal. September 16,

27  1981); see also Ingenieria Alimentaria Del Matatipac,

28  S.A. v. Ocean Garden Prods., Inc., No. 06CV2400 WQH

1  (POR), 2007 U.S. Dist. LEXIS 40015, at *12 (S.D. Cal.
2  May 31, 2007).  "The forum selection clause determines
3  where the case will be heard.  It is separate and
4  distinct from choice of law provisions that are not
5  before the court." Multimin USA, 2006 U.S. Dist. LEXIS
6  33624 at *17.  More importantly, there is no indication
7  that the Pennsylvania federal court hearing Synthes'
8  Pennsylvania Litigation will not or cannot entertain
9  Plaintiff's choice of law arguments or that it cannot
10 apply California law if it is determined that
11 California law governs.  Cf. Swenson, 415 F. Supp. 2d
12 at 1104 (noting that plaintiffs could and did make
13 choice of law arguments to Washington state court);
14 Multimin USA, 2006 U.S. Dist. LEXIS 33624 at *17-*18
15 (noting that plaintiff had not shown that it could not
16 present claims and arguments to Texas courts).  Any
17 notion that Pennsylvania courts will not safeguard
18 Plaintiff's rights is purely speculative.  Mannetti-
19 Farrow, 858 F.2d at 515.
20      Plaintiff also argues that the Court should view
21 the forum selection clause as intertwined with the
22 choice of law clause, citing to cases such as Doe 1 v.
23 AOL LLC, 552 F.3d 1077, 1084 (9th Cir. 2009) and Jones
24 v. GNC Franchising Inc., 211 F.3d 495, 497 (9th Cir.
25 2000).  However, those cases are inapposite for the
26 reasons identified by Synthes.  For example, the court
27 in Jones found that the Bremen public policy exception
28 applied where California had an explicit statutory

provision voiding the particular type of forum selection clause at issue. 211 F.3d at 497-98. In Doe, the enforcement of the forum selection clause at issue would have dictated the enforcement of the choice of law clause. In Doe, the Ninth Circuit determined that the forum selection clause designated Virginia state courts as the exclusive venue. 552 F.3d at 1083-84. However, Virginia state courts were procedurally incapable of hearing consumer class actions, and application of the forum selection clause would have violated California consumer protection law. Id. None of Plaintiff's arguments address why it would be contrary to California public policy to have the case heard in a Pennsylvania federal court. Here, the enforcement of the venue clause does not dictate that Pennsylvania law will ultimately apply.

Plaintiff has not met his heavy burden of showing that enforcement of the forum selection clause would violate a strong California public policy. See Swenson, 415 F. Supp. 2d at 1104-05; Multimin USA, 2006 U.S. Dist. LEXIS 33624 at *17-*18; see also Mahoney v. Depuy Orthopaedics, Inc., CIVF 07-1321 AWI SMS, 2007 WL 3341389 (E.D. Cal. Nov. 8, 2007).

Ordinarily, when a case is brought in the wrong district, the court where it is brought "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Because Plaintiff

1    has not demonstrated the forum selection clause in this

2    case is unenforceable and there is already an action

3    pending in Pennsylvania, dismissal is appropriate here.

4                          **IV. <u>CONCLUSION</u>**

5         For the reasons set forth above, this Court **GRANTS**

6    Synthes' Motion to Dismiss.  Plaintiff's Motion for

7    Summary Judgment is **DENIED AS MOOT.**  Accordingly, the

8    Clerk shall close this case.

9

10

11   **IT IS SO ORDERED.**

12   DATED: June 12, 2013

13

14                                   RONALD S.W. LEW
                                     _____
15                                   **HONORABLE RONALD S.W. LEW**
                                     Senior, U.S. District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28